UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MYNOR JERONIMO CALMO,

Petitioner,

v.

JULIO HERNANDEZ ET AL,

Respondent.

Case No. 2:26-cv-02020-TLF

ORDER GRANTING HABEAS
CORPUS PETITION

…

Immigration detainee, Mynor Jeronimo Calmo, through counsel, filed a habeas corpus petition under 28 U.S.C. § 2241 on June 10, 2026, alleging a violation of his Fifth Amendment due process rights and violation of 8 U.S.C. § 1357(a)(2), arrest without flight risk assessment. Dkt. 1. He petitions the Court for (1) a writ of habeas corpus ordering respondents to immediately release him from detention and permanently enjoining re-detention without notice and hearing; (2) a declaration that his re-detention violated the Due Process Clause of the Fifth Amendment, and (3) an award of reasonable attorney fees and costs. *Id*. at 16.

Parties unanimously consented to the jurisdiction of a Magistrate Judge. Dkt. 3.

For the reasons discussed below, the Court GRANTS the federal habeas petition (Dkt. 1). The government is ordered to release the petitioner from custody within 24 hours of this Order, under the conditions of his previous release and petitioner may not

ORDER GRANTING HABEAS CORPUS PETITION - 1

be re-detained unless a pre-deprivation hearing, with appropriate due process protections, is held to determine whether detention is appropriate.

## BACKGROUND

Petitioner is a native and citizen of Guatemala who arrived in the United States on July 29, 2024, when he was 16 years old, and was processed as an Unaccompanied Alien Child (UAC) under the Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA") and placed with the Office of Refugee Resettlement ("ORR"). Dkt. 1 at 6, 11; Dkt. 7, Declaration of Deportation Officer Enrique Rodriguez ("Rodriguez Decl.") ¶¶ 3-4, 7. He was released into the custody of his brother on August 11, 2024. Dkt. 7, Rodriguez Decl. ¶ 8.

On October 30, 2024, petitioner was issued a Notice to Appear as a noncitizen "present in the United States without being admitted or paroled"; not as an "arriving alien," with a hearing set for May 11, 2029. Dkt. 6, Andrade Decl., Ex. A.

He was arrested without a warrant on April 29, 2026. *Id*. ¶ 11; Dkt. 6, Andrade Decl., Ex. D at 3-4 (Form I-213) ("….Mynor was arrested without an administrative warrant"). Later that same day, ICE agents issued an administrative warrant after Mr. Calmo was already in custody. *Id*. at Ex. B.

Petitioner has filed for relief from removal and is scheduled to appear before an Immigration Judge on July 16, 2026. Dkt. 7, Rodrgiuez Decl. ¶ 15-16. Petitioner asserts that he complied with the requirements of his release, enrolled in a school, maintained employment, has not been arrested, and has no criminal convictions. Dkt. 1 at 12.

ORDER GRANTING HABEAS CORPUS PETITION - 2

## DISCUSSION

### A. Mandatory or Discretionary Detention

The government argues relief should be denied because petitioner is mandatorily detained under 8 U.S.C. § 1225. Dkt. 5 at 6-7 (citing *Buenrostro-Mendez v. Bondi,* 166 F.4th 494 (5th Cir. 2026)).[1] It states that petitioner is an "applicant for admission" under 8 U.S.C. § 1225(a)(1) without more. *Id*. at 6. Petitioner argues that, at the time petitioner entered the United States, adults in situations similar to him were detained under 8 U.S.C. § 1226(a). Dkt. 1 at 8 (citing *Matter of R-A-V-P-,* 27 I.&N. Dec. 803, 803 (BIA 2020)).

Petitioner entered the United States as an Unaccompanied Alien Child, and thus, "cannot be subject to the detention procedures in 8 U.S.C. § 1225." *Garcia Gabriel v. Hermosillo*, No. 2:25-cv-02594-DGE, 2026 WL 194233, at *3 (W.D. Wash. Jan. 26, 2026); *see also Telenchanav. Hermosillo,* No. 2:26-CV-00363-GJL, 2026 WL 696806, at *10 (W.D. Wash. Mar.12, 2026); *S.K. v. Hermosillo*, No. 2:26-CV-00789-TLF, 2026 WL 716019, at *5 (W.D. Wash. Mar. 13, 2026).

And, in determining whether petitioners who have been apprehended on arrival, released, and later apprehended again, are subject to discretionary detention under § 1226(a) or mandatory detention under § 1225(b), the Court considers the government's treatment of the petitioner seeking habeas relief as "particularly relevant." *Del Valle Castillo v. Wamsley*, No. 2:25-CV-02054-TMC, 2025 WL 3524932, at *5 (W.D. Wash. Nov. 26, 2025). Where petitioner is "'treated by Respondents as subject to detention

---

[1] The Court is aware of the Fifth Circuit's opinion in *Buenrostro-Mendez v. Bondi,* 166 F.4th 494 (5th Cir. 2026), and the Eighth Circuit's opinion in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). These opinions are not binding on this Court and are inconsistent with this Court's view of the statutory text and relevant Ninth Circuit and Supreme Court authority interpreting it.

ORDER GRANTING HABEAS CORPUS PETITION - 3

under § 1226, rather than mandatory detention under § 1225,' the former is more likely to apply." *Id.* (quotation omitted).

Petitioner was initially detained but then released and allowed to be in the community for almost two years. The October 30, 2024 Notice to Appear reflects that petitioner is charged only as "present in the United States without being admitted or paroled," which supports the conclusion that he is detained under § 1226(a). *Del Valle Castillo*, 2025 WL 3524932, at *6; Dkt. 6, Andrade Decl., Ex. A.

The Court finds § 1226 governs petitioner's detention, and he is not subject to mandatory detention under § 1225.

**B.  Fifth Amendment Due Process**

The government argues petitioner fails to develop a sufficient legal argument as to his procedural due process re-detention challenge but does not otherwise address the legal argument. Dkt. 5 at 8-9 ("Petitioner has failed to meaningfully develop any argument to support a procedural due process challenge to his re-detention. Therefore, this claim should be deemed waived and dismissed accordingly."). The government's argument for waiver rests on a characterization of the petition that is inaccurate. The Court finds the due process issue has been sufficiently briefed. See Dkt. 1 at 10 (applying the *Mathews* factors and relying on *E.A. T.B v. Wamsley*, 795 F. Supp. 3d 1316 (W.D. Wash. Aug. 18, 2025)).

The Court reviews the government's decisions and actions regarding re-arrest and re-detention under the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976): The private interest affected by the official action; the risk of erroneous deprivation of such interest through the procedures used, the probable value of

ORDER GRANTING HABEAS CORPUS PETITION - 4

additional or substitute procedural safeguards; and the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

### 1. Private Interest

Petitioner's interest in not being detained is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld,* 542 U.S. 507, 529 (2004). "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992); *see also Zadvyda*s, 533 U.S. at 696 (finding that a non-citizen has a liberty interest "strong enough" to challenge "indefinite and potentially permanent" immigration detention). A released individual has had an "opportunity 'to form the [ ] enduring attachments of normal life'" and thus has a heightened liberty interest, such as those which led the Supreme Court in *Morrisey* to impose due process requirements on parolees where the state seeks to revoke parole. *Carballo v. Andrews*, No. CV25-978-KES-EPG (HC), 2025 WL 2381464, at *4 (E.D. Cal. Aug. 15, 2025) (quoting *Morrissey,* 408 U.S. at 482).

When petitioner was released from ICE custody on personal recognizance for almost two years, he "took with him a liberty interest which is entitled to the full protections of the [D]ue [P]rocess [C]lause." *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, at *3 (W.D. Wash. 2025*)*.

Petitioner has filed an application for relief from removal, and petitioner asserts he may still file an application for asylum as an unaccompanied minor (as long as filed prior to November 28, 2026). Dkt. 1 at 12 (citing *J.O.P. v. US Department of Homeland Security*, No. 8:19-cv-01944-SAG (D. Md. May 26, 2026)). He asserts he has complied

ORDER GRANTING HABEAS CORPUS PETITION - 5

with the requirements of his release and was awaiting his first immigration hearing scheduled for May 2029. The record indicates that he has no prior arrests or criminal convictions, has maintained employment, and attends school.

The first factor weighs in petitioner's favor.

### 2. Risk of Erroneous Deprivation

The second *Mathews* factor considers whether a particular process results in a risk of erroneous deprivation of a protected interest and the probable value, if any, of additional or substitute procedural safeguards.

At the time of petitioner's arrest, he was not provided with notice of the allegations or an opportunity to respond prior to, during, or immediately after his arrest. There was no neutral decisionmaker, no meaningful notice, and no meaningful opportunity to contest ICE's assertions before petitioner's detention.

The government seems to infer TVPRA protections ceased to exist for petitioner when he reached age 18. Dkt. 5 at 6. Yet the Form I-213 states "ICE ERO Seattle arrested [petitioner] for violations of the conditions of his release," -- the government does not argue that petitioner violated any term of release nor does it point to any conditions of release whatsoever. Dkt. 6, Andrade Decl., Ex. D at 4; *see generally* Dkt. 5.

The administrative warrant was issued after petitioner was arrested; it states he is removable based on "the pendency of ongoing removal proceedings," confirmation he "either lacks immigration status or….is removable," and "statements made voluntarily by the subject…. affirmatively indicate the subject either lacks immigration status or….is removable under U.S.  immigration law." Dkt. 6, Andrade Decl., Ex. B. But there is

ORDER GRANTING HABEAS CORPUS PETITION - 6

nothing in the record to show a change in his circumstances except he had reached age 18. The government is required to provide adequate notice and due process protections similar to hearings under *Morrissey v. Brewer*, 408 U.S. 471 (1972), which did not occur here. The Court finds, under the circumstances, the risk of erroneous deprivation is high.

Thus, the Court finds the second *Mathews* factor favors petitioner.

### 3. The Government's Interest

The government's interest in civil detention without a hearing is low. *See E.A. T.B*, 795 F. Supp. 3d at 1323-24 (citing *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("If the government wishes to re-arrest Ortega at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low.")).

Because the government has failed to demonstrate a substantial interest in reducing Due Process protections, the third *Mathews* factor also weighs in petitioner's favor.[2]

**CONCLUSION**

For the reasons discussed, the Court GRANTS the petition for writ of habeas corpus and ORDERS:

(1) The Court finds that petitioner is detained under 8 U.S.C. § 1226(a) and is not subject to mandatory detention under 8 U.S.C. § 1225(b).

---

[2] Petitioner also argues that his warrantless arrest violated statutory and regulatory requirements under 8 U.S.C. § 1357(a)(2 and 8 C.F.R. § 287.8(c)(2)(ii). Dkt 1 at 14-15. The Court declines to separately decide those issues, as petitioner is entitled to habeas relief based on his due process argument.

(2)  The government shall release petitioner from custody within 24 hours of the filing of this Order, under reasonable conditions of release.

(3) Petitioner is entitled to notice and a pre-deprivation hearing at which a neutral decision-maker must determine – before arrest and the government bears the burden of establishing by clear and convincing evidence that a valid basis exists for his detention. *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011) ("the government must prove by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond."); *Pablo Sequen v. Albarran,* No. 25-CV-06487-PCP, 2025 WL 2935630, at *13–14 (N.D. Cal. Oct. 15, 2025).

(4) Under the Declaratory Judgment Act, 28. U.S.C. § 2201 et seq., the Court declares the petitioner's arrest and re-detention without a pre-deprivation individualized bond hearing determination before a neutral decision maker violates the Due Process Clause under the Fifth Amendment.

(5) The Government shall file a certification that petitioner has been released from immigration custody within 48 hours of the date and time this order was issued.

(6) The Court will entertain any post-judgment motion for attorney's fees, as requested in the petition.

ORDER GRANTING HABEAS CORPUS PETITION - 8

Dated this 29th day of June, 2026.


Theresa L. Fricke
United States Magistrate Judge